# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **3-CR-18-037** |
| **v.** | : | |
| | : | **(JUDGE MANNION)** |
| **JESSE CAREY,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court is the unopposed July 5, 2019 motion *in limine* filed by the government to introduce evidence of defendant Jesse Carey's prior convictions for impeachment purposes if he testifies at trial. (Doc. 71). For the reasons set forth below, the court will **GRANT IN PART** the government's motion.

## I. BACKGROUND[1]

By way of relevant background, on May 14, 2019, Carey was charged in a superseding indictment with two counts of possession with intent to distribute controlled substances, namely, cocaine and fentanyl, (Count 1), and cocaine and heroin (Count 2), both in violation of 21 U.S.C. §841(a)(1). (Doc. 61).

On May 17, 2019, Carey was arraigned and pled not guilty to both of the

---

[1]Since the pertinent factual background of this case is stated in the government's motion, (Doc. 71), it is not repeated herein.

1

charges against him. (Doc. 67).

On July 5, 2019, the government filed its motion *in limine*. (Doc. 71). The government's 17-page motion incorporates its support brief.[2]

On August 28, 2019, the defendant's motion for new counsel was granted and the court appointed attorney Leo Latella of the Federal Public Defender's Office as counsel for defendant. (Doc. 80).

On September 27, 2019, Carey's counsel filed two pre-trial motions, namely, a motion to suppress physical evidence and statements, (Doc. 86), and a motion to dismiss the Superseding Indictment based on alleged pre-indictment delay, (Doc. 87). However, Carey's counsel did not file briefs in support of either motion as his client instructed him to withdraw the motions.

On November 4, 2019, after conducting a full *pro se* representation colloquy, the court granted Carey's request to proceed *pro se.* (Docs. 94 & 96). The court also directed that Latella would remain as "stand-by counsel" for Carey. Further, the court allowed Carey to withdraw the present pending motions filed on his behalf, (Docs. 86 & 87), or to supplement the motions as he sees fit, and directed that his filings must be submitted by Friday, November 8, 2019.

On November 15, 2019, Carey filed, *pro se*, three motions, namely, a motion to set aside default judgment, (Doc. 100), a motion for return of

---

[2]In the future, counsel for the government is directed to separately file his motions and his briefs in support as directed by the Local Rules of this court.

property, (Doc. 101), and a motion for an extension of time to file pre-trial motions, (Doc. 102). Carey also filed a brief in support of a motion to dismiss the superseding indictment. (Doc. 103).

On November 26, 2019, Carey filed a motion to suppress evidence. (Doc. 108).

However, to date, Carey has not filed his brief in opposition to the government's motion *in limine* and the time within which it was due has expired.

The final pre-trial conference in this case was continued to December 19, 2019, and the trial until January 6, 2020.

## II.    LEGAL STANDARD

The government's motion *in limine* is filed pursuant to Fed.R.Evid. 609. Federal Rule of Evidence 609 pertains to the use of prior convictions for impeachment purposes and provides:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]

Fed.R.Evid. 609(a)(1)(B).

## III. DISCUSSION

In its motion *in limine*, the government seeks permission to introduce evidence of four of Carey's prior felony criminal convictions to impeach him if he testifies at trial. Despite the fact that Carey has not opposed the government's motion, the court must still consider the relevant Bedford facts.

A pre-plea PSR was prepared in this case, at the request of the defendant, which indicates that Carey has the following relevant four previous adult criminal convictions:[3]

> 1) Manufacture or Distribution of a Controlled Substance (cocaine) and Unlawful Possession of a Weapon (handgun); Arrested 10/5/2007 in Essex County, New Jersey; Pled guilty1/30/09; Sentenced 3/13/2009 to 132 days time-served, and

---

[3]The government does not specifically move to use three of Carey's other prior convictions, to wit:

Possession or Use of a Controlled Dangerous Substance; Arrested 7/29/2009 in Essex County, New Jersey; Sentenced 10/29/2009 to 133 days time-served, and 3 years of probation.

Aggravated Assault on a Correctional Officer; Arrested 8/19/2011 in Union County, New Jersey; Sentenced 2/3/2012 to 3 years' imprisonment; 4/2/2013 paroled; 6/19/2013 parole revoked and ordered to serve remainder of imprisonment term.

Harassment and Disorderly Conduct-Engage in Fighting; Arrested 4/13/2015 in Scranton, Lackawanna County; Sentenced 4/21/2015 to fines and costs; 6/12/2015 bench warrant issued for failure to pay (bench warrant remains active).

Nor does the government address the admissibility of the above stated three convictions for impeachment purposes under the Bedford factors. (*See* Doc. 71 at 10, 16-17). Thus, the court does not discuss these three convictions herein and finds that these convictions are not admissible to impeach Carey if he testifies at trial.

4

> 5 years of probation.
>
> 2) Theft; Arrested 6/20/2011 in Essex County, New Jersey; Sentenced 10/2/2012 to 4 years' imprisonment, parole ineligible for 1 year, credit for 238 days time-served.
>
> 3) Robbery – Taking Property From Another by Force; Arrested 6/18/2015 in Luzerne County; 7/12/2016 bench warrant issued for failure to appear; 7/15/2016 bench warrant lifted; 11/3/2016 bail revoked; 1/19/2017 bench warrant issued for failure to 2017 sentenced to imprisonment of 12 months less 1 day to 24 months less 1 day.
>
> 4) Escape – Arrested 8/5/17 in Luzerne County; Sentenced 2/23/2018 to 1 to 2 years in prison.

(Doc. 56, ¶¶ 26-32).

The government contends that if defendant testifies at trial, it should be allowed to impeach him by introducing evidence of his prior felony convictions which occurred within the past ten years and slightly beyond ten years.

"Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness. However, when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.'" U.S. v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014) (citing Fed.R.Evid. 609(a)(1)(B)). The Third Circuit has held that this Rule "reflects a heightened balancing test" with a "predisposition toward exclusion" and, that "[a]n exception [to exclusion of the evidence] is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not

present." *Id*. (citation omitted). "When offering a prior conviction to impeach a testifying defendant, the government bears the burden of satisfying the heightened balancing test set out in Rule 609(a)(1)(B)." *Id*. at 289.

The Third Circuit has "recognized four factors that should be considered when weighing the probative value against the prejudicial effect under this heightened test." *Id*. at 286. The four factors are: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *Id*. at 286 (citing Gov't of Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3d Cir. 1982)).

The court will now discuss the Bedford factors as they relate to Carey's four relevant prior convictions.

### 1. Theft and Robbery Convictions

In considering the Bedford first factor regarding the kind of crime involved, "courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime." *Id.* "The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness." *Id*. "With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Id*.

"Generally, where the crime is punishable by a sentence of more than

one year imprisonment, or if the crime involved required proof of a dishonest act or false statement by the witness, such evidence must be admitted for impeachment purposes." Klatch-Maynard v. Sugarloaf Tp., 2013 WL 1789744, *3 (M.D.Pa. April 26, 2013) (citing Fed.R.Evid. 609; Green v. Bock Laundry Mach. Co., 490 U.S. 504, 527, 109 S.Ct. 1981 (1989)). When considering this factor, "the court asks whether the past conviction involved dishonesty, false statements, or any other offense in the nature of *crimen falsi*. *Id*. at *4 (citing Walker v. Horn, 385 F.3d 321, 334 (3rd Cir. 2004)). "Crimes of this nature are believed to have a high value of impeachment—the only proper purpose served by admitting past convictions—because they bear directly on a witness's propensity to testify truthfully." *Id*. (citations omitted).

The government contends that the first Bedford factor weighs in favor of admitting Carey's prior convictions for theft and robbery which occurred within the past ten years, for impeachment purposes. The government contends that such convictions are indicative of dishonesty and have been found to be probative for truthfulness. The court concurs. *See* United States v. Santiago-Rivera, 2017 WL 4551039 (M.D.Pa. Oct. 12, 2017) (the court found that defendant's retail theft convictions were admissible to impeach his credibility if he testified at trial since they had a greater impeachment value because they imply some dishonesty) (citing Caldwell, 760 F.3d at 288 (Third Circuit stated "crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible."); United States v. Diaz, 2017 WL 2653168103 (M.D.Pa. June 20,

7

2017) (defendant's 6-year old robbery conviction was admissible for impeachment purposes) (citing U.S. v. Cherry, 2010 WL 3156529, *7 (E.D.Pa. Aug. 10, 2010) (The court noted "that use of the [defendant's prior felony] robbery conviction is probative of truthfulness, further supporting its admissibility for impeachment purposes."); U.S. v. Golson, 2009 WL 89670 (E.D.Pa. Jan. 13, 2009) (court found that robbery was "a crime that reflects on an individual's veracity.") (citations omitted).

The second factor, the age of the prior convictions, weighs in favor of admissibility regarding the theft and robbery convictions, since they occurred within the past ten years, and they are clearly timely under Rule 609.

"The third factor inquires into the importance of the defendant's testimony to his defense at trial." Caldwell, 760 F.3d at 287. "If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." *Id*. (citation omitted). However, "[if] the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." *Id.* at 288 (citation omitted).

Here, the court finds that the third Bedford factor weighs against admitting Carey's prior theft and robbery convictions since his testimony will be important to his defense.

"The [fourth] factor concerns the significance of the defendant's

credibility to the case. 'When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction.'" *Id*. at 288 (citation omitted). "Where a case is reduced to a swearing contest between witnesses, the probative value of conviction is increased." *Id*. (citation omitted). As the government explains in its motion, (Doc. 71 at 15-16), it is clear that the testimony of Carey will create a credibility contest between the defendant and the government's witnesses. The jury will have to decide between Carey's version of events in which he has denied possessing any drugs and those provided by the witnesses presented by the government. Also, if a defendant testifies, he places his credibility directly at issue. *See* United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987). Thus, the credibility of all of the witnesses will be crucial to establish the government's case as well as defendant's defense.

As such, the court finds that the fourth factor weighs in favor of admitting Carey's prior theft and robbery convictions.

The court finds that the majority of the Bedford factors weigh in favor of allowing the government to use Carey's theft and robbery convictions to impeach his credibility if he testifies. Thus, the court finds that the government has met its burden of showing that the probative value of Carey's stated two prior convictions outweighs its prejudicial effect under Rule 609(a)(1)(B). Further, the government's use of Carey's theft and robbery convictions will be limited to cross-examination, if he testifies. Additionally, the court will give a limiting instruction to the jury and direct the jury to consider Carey's prior theft

and robbery convictions for impeachment purposes only. *See* Cherry, 2010 WL 3156529, *7; Santiago-Rivera, 2017 WL 4551039, *7.

Therefore, since three of the four Bedford factors weigh in favor of admitting Carey's prior theft and robbery convictions for impeachment purposes, the court will **GRANT** the government's motion *in limine* as to these convictions.

The court will also allow the government to specify the nature of Carey's theft and robbery convictions to impeach him if he testifies since they are dissimilar to his instant drug charges and since any prejudice will be reduced by the court's limiting instruction to the jury. In Murphy, 172 Fed.Appx. at 462, defendant appealed his conviction for possession of a firearm by a convicted felon in violation of §922(g)(1) and argued that "because the District Court allowed the government to impeach him with specific facts of his prior [drug] felonies, rather than simply that he had previously been convicted of one unspecified felony, it abused its discretion." The Third Circuit found that the district court did not abuse its discretion by permitting the government to impeach him with specifics facts from his two prior drug convictions since it "engaged in the appropriate analysis under Rule 609" and, "[it] provided the jury with a limiting instruction regarding the proper purpose of prior conviction evidence." *Id*.

Thus, the government can impeach Carey with his prior theft and robbery convictions, and specify the nature of these convicted offenses. *See* Murphy*, supra*;; United States v. Figueroa, 2016 WL 126369 (D.N.J. Jan. 11,

2016) (The court granted government's motion *in limine* to permit it to impeach defendant on cross-examination if he testified at his trial on a §922(g)(1) felon in possession of a firearm charge by admitting his prior felony drug conviction, including specifying the nature of this prior offense, and reduced any risk of prejudice by giving an appropriate limiting instruction to the jury.). Any risk of prejudice will be reduced by the court's limiting instruction to the jury if Carey testifies at trial. *See* Third Circuit Model Criminal Jury Instructions, §4.36.

### 2. Escape Conviction

The government also contends that the first <u>Bedford</u> factor weighs in favor of admitting Carey's prior conviction for escape which occurred within the past ten years, for impeachment purposes simply indicating that it is a crime of "stealth." The government does not contend that Carey's escape conviction is admissible under Rule 609(a)(2) as a crime involving dishonesty or false statement, i.e., a prior *crimen falsi* conviction. Nor does the government offer any specific facts regarding Carey's escape conviction. The court finds that Carey's escape conviction does not bear on his propensity to testify truthfully and it is not a crime that reflects on his veracity. With respect to the kind of crime involved, "courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime", and "[t]he impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness." <u>Caldwell</u>, 760 F.3d at 286. Thus, the first

11

Bedford factor does not weigh in favor of admitting Carey's escape conviction.[4]

The second factor, the age of the prior conviction, weighs in favor of admissibility regarding the escape conviction since it occurred within the past ten years, and it is clearly timely under Rule 609.

"The third factor inquires into the importance of the defendant's testimony to his defense at trial." Caldwell, 760 F.3d at 287. "If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." *Id*. (citation omitted). However, "[if] the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." *Id.* at 288 (citation omitted).

Here, the court finds that the third Bedford factor weighs against admitting Carey's prior escape conviction, since his testimony will be important to his defense.

As discussed above regarding the fourth Bedford factor, the credibility of all of the witnesses will be crucial to establish both the government's case

---

[4]Under Pennsylvania law, 18 Pa.C.S.A. §5121(a) escape is defined as: "A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period."

12

and the defendant's defense. Also, as mentioned, if Carey testifies, he places his credibility at issue and his testimony will create a credibility contest between him and the government's witnesses. Thus, the court finds that the fourth factor weighs in favor of admitting Carey's prior escape conviction.

The court finds that only two of the Bedford factors weigh in favor of allowing the government to use Carey's escape conviction. The court finds that the government has not met its burden of showing that the probative value of Carey's escape conviction outweighs its prejudicial effect under Rule 609(a)(1)(B), and the government will not be permitted to use this conviction, in light of the nature of this crime, to impeach Carey if he testifies.

Thus, the court will **DENY** the government's motion *in limine* as to Carey's escape conviction.

### 3. Drug Trafficking Conviction

The court concurs with the government and finds that Carey's March 2009 drug trafficking conviction is also admissible for impeachment purposes if he testifies at trial despite its similarity to the drug offenses he is charged with in the instant case. *See* Santiago-Rivera, 2017 WL 4551039, *7 (court found that defendant's prior felony narcotics convictions could be used to impeach his credibility if he testified at trial). The Third Circuit in U.S. v. Murphy, 172 Fed.Appx. 461, 463 (3d Cir. 2006), held that drug convictions are admissible at trial for impeachment purposes under 609(a)(1) in a case where

the defendant is charged with a drug offense and that "other Circuit Courts have also held that prior drug convictions in particular have probative value for impeachment purposes." (citing United States v. Cordoba, 104 F.3d 225, 229 (9th Cir.1997) ("holding that a prior conviction for possession with intent to distribute cocaine is admissible under Rule 609"); United States v. Hernandez, 106 F.3d 737, 739–40 (7th Cir. 1997) ("holding that prior convictions for possession of cocaine and marijuana are admissible to impeach defendant")).

The government also contends that although Carey's March 2009 drug trafficking conviction is slightly "outside the ten-year 'look back' period set forth in Rule 609(b), it is timely since his sentence carried a 5-year period of probation, which ran until March 2014, "which is within three years of the drug trafficking incident on January 12, 2017, in Plymouth Borough, contained in Count 1 of the superseding indictment."

The court in United States v. Slade, 2013 WL 5873576, *4 (E.D.Pa. Nov. 1, 2013), considered this issue of when the 10-year period in Rule 609(b) ran when the defendant's sentence included probation and stated:

> The Third Circuit has not yet had occasion to decide whether the ten-year period in Rule 609(b) is calculated from the conclusion of a defendant's probationary period, or from some other time. Other circuit courts that have looked at this issue have concluded that "release of confinement" for purposes of the ten-year time limit does not include periods of probation. District courts within the Third Circuit have similarly concluded that a defendant's term of probation is not included in calculating the ten-year time period.

(internal citations omitted).

14

The court in Slade, *id*., then concluded that "the Third Circuit will join the other circuit courts in holding that the ten-year time period contained in Rule 609(b) does not include periods of probation." This court concurs with the Slade court's conclusion and finds that Carey's conviction for distribution/manufacture of a controlled substance is more than 10 years old even though he was sentenced to a 5-year period of probation. *See* United States v. Hans, 738 F.2d 88, 93 (3d Cir.1984) (Third Circuit in dicta stated that "[n]ormally such evidence [under Rule 609] is admissible only if either the conviction or the witness' release from prison occurred within 10 years of the trial.").

However, even though Carey's March 2009 drug conviction is more than 10 years old, "[t]he conviction may nevertheless be admissible for purposes of impeachment if [the court] determine[s] that the probative value of this evidence substantially outweighs the prejudicial effect." Slade, 2013 WL 5873576, *5 (citing Fed.R.Evid. 609(b)(1)). "In making this determination, [the court] consider[s] the kind of crime involved, when the conviction occurred, the importance of Defendant's testimony, and the importance of Defendant's credibility."[5] *Id*. (citation omitted).

The court finds that the nature of Carey's March 2009 drug trafficking

---

[5] The government also notes that it has complied with Fed.R.Evid. 609(b)(2) by giving Carey's former counsel written notice that it was seeking to impeach Carey with his prior convictions, including his March 13, 2009 drug conviction. (Doc. 71 at 13 n. 2).

15

conviction supports admissibility. *See* Santiago-Rivera, 2017 WL 4551039, *7. The date of Carey's drug trafficking conviction also supports its admissibility since this conviction will be ten years and ten months old when the trial commences, which is only slightly past the ten-year time limit in Rule 609.[6] "Staleness is not as much of a concern when the conviction is just over ten years old, particularly when the conviction is probative of Defendant's credibility." Slade, 2013 WL 5873576, *5 (citations omitted). Also, as the government points out, Carey's continued "uninterrupted life of crime since his sentencing for his drug trafficking and firearms offenses on March 13, 2019" "militate against the staleness of [t]his conviction" and indicate that Carey's character has not improved. *Id*. *See also* Caldwell, 760 F.3d at 287 ("the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved."); U.S. v. Castelluzzo, 2015 WL 3448208, *3 (D.N.J. May 29, 2015).

Next, the court finds that the third Bedford factor weighs against admitting Carey's prior drug conviction since his testimony will be important to his defense. As discussed above, the importance of Carey's testimony, if he decides to testify, shows that the prejudicial effect of his drug trafficking conviction outweighs the probative value. Thus, the third factor weighs against

---

[6]"The ten-year time period concludes when the trial begins." Slade, 2013 WL 5873576, *4 n. 3 (citing Hans, 738 F.2d at 93).

admitting Carey's March 2009 drug trafficking conviction.

As to the fourth factor, no doubt that "[i]f [Carey] chooses to testify, he places his credibility directly at issue." Slade, 2013 WL 5873576, *5 (citation omitted). Further, as in Slade, if Carey testifies, "he will testify about matters that are pivotal to the charges in his case." *Id*. Thus, the court finds that this factor weighs in favor of admitting Carey's March 2009 drug trafficking conviction.

As such, after balancing the factors in Rule 609(b)(1), the court finds that the probative value of Carey's March 2009 drug trafficking conviction "is very high and substantially outweighs any prejudicial effect." *Id*. Thus, the government will be allowed to use Carey's March 13, 2009 drug trafficking conviction for impeachment if he testifies despite being over 10-years old. Once again, the government's use of Carey's drug conviction will be limited to cross-examination, if he testifies. Additionally, as indicated, the court will give a limiting instruction to the jury and direct the jury to consider Carey's three stated prior convictions for impeachment purposes only.

Therefore, three of the four Bedford factors weigh in favor of admitting Carey's March 2009 drug trafficking conviction for impeachment purposes, and the court will **GRANT** the government's motion *in limine* as to this conviction.

Finally, the government also states that if the court finds that the admission of Carey's prior drug trafficking offense is too similar to the instant

charges he faces, "the government should be able to 'sanitize' the offense by referring to it as a 'prior felony' conviction." In light of the drug charges Carey faces in this case, the court will not allowed the government to impeach him with specific facts of his prior drug felony. Rather, with respect to Carey's drug trafficking conviction, the government must only indicate that Carey had previously been convicted of another unspecified felony in March 2009.

## IV.  CONCLUSION

Based on the foregoing, the court will **GRANT IN PART** the government's motion *in limine*, (Doc. 71), to introduce at trial evidence of Carey's prior felony convictions. The court will allow the government to impeach Carey's credibility with his prior felony convictions for theft, robbery and drug trafficking only if he testifies at trial. The court will not allow the government to impeach Carey's credibility with his prior escape conviction. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 3, 2019**

18-037-01.wpd