## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 3:CR-18-037 |
| JESSE CAREY, | : | (JUDGE MANNION) |
| Defendant | : | |

### MEMORANDUM

Before the court is a motion to suppress, (Doc. 111), filed by the defendant, Jesse Carey ("Carey"). For the reasons set forth below, the motion will **DENIED**.

### I. BACKGROUND

The court has previously ruled on the majority of Carey's arguments relating to suppression of evidence in its December 13, 2019 memorandum and order, (Doc.126; Doc. 127), wherein the court set forth the extensive filings and procedural history of this case. The court, however, reserved ruling on the portion of Carey's motion for suppression pertaining to the search of cell phones seized from him because the government's briefs in opposition did not address the issue. The government has since addressed the issue in a supplemental brief in opposition filed on December 16, 2019.

([Doc. 129](Doc. 129)). Carey then filed a supplemental brief December 30, 2019. ([Doc. 141](Doc. 141)). Accordingly, the matter is now ripe for this court's review.[1]

## II.   DISCUSSION

Protection against unreasonable searches and seizures is enshrined in the Fourth Amendment, which states,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

The district court conducts only a deferential review of the initial probable cause determination made by the magistrate judge regarding a search. *United States v. Stearns*, 597 F.3d 540, 554 (3d Cir. 2010). "The role of a reviewing court is not to decide probable cause *de novo*, but to determine whether the magistrate [judge] had a substantial basis for

---

[1] Because Carey did not specify which of the seven cell phones seized from him were the subject of his motion to suppress, the government addressed the seizure of all of the cell phones in its supplemental brief. However, because Carey has entered a guilty plea to Count I of the Superseding Indictment, ([Doc. 131](Doc. 131)), the court will limit its analysis to the two cell phones seized from Carey in the Count II incident.

concluding that probable cause existed." *Id.* (internal quotation marks omitted). In doing so, the court "must consider the totality of the circumstances, and need not conclude that it was more likely than not that the evidence sought was at the place described." *United States v. Rivera*, 524 Fed.App'x 821, 825 (3d Cir. 2013) (internal quotation marks omitted). "If a substantial basis exists to support the magistrate [judges]'s probable cause finding, [the court] must uphold that finding . . . ." *Stearns*, 597 F.3d at 554. Generally, "the burden of proof is on the defendant who seeks to suppress evidence." *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995) (citation omitted). "However, once the defendant has established a basis for his motion, *i.e.*, the search or seizure was conducted without a warrant, the burden shifts to the government to show that the search or seizure was reasonable." *Id.*

Here, Carey appears to argue that police violated his Fourth Amendment rights by searching his cell phones incident to arrest and without a valid search warrant. (Doc. 109-1, at 1). In his supplemental brief, Carey argues that his Fourth Amendment rights were violated because of the unreasonable period of time between the seizure of his cell phones on August 5, 2017, and the application for a search warrant on August 29, 2017,

and because there was no nexus between his cell phones and his alleged drug trafficking.

Pursuant to *Riley v. California*, 573 U.S. 373, 386 (2014), police must generally obtain a search warrant prior to searching a cell phone seized from an individual who has been arrested. Here, the government has submitted the search warrant, the search warrant application, and affidavit of probable cause pertaining to the two phones seized from Carey by the Pennsylvania State Police during the Count II incident. (Doc. 129, at 6-9). The court has reviewed these documents and concludes that the four corners of the affidavit in support of the search warrant provided the magisterial district judge with a substantial basis on which to conclude that evidence of a crime would be found in the defendant's phone. *See United States v. Jones*, 994 F.2d 1051, 1057 (3d Cir. 1993). As the affiant Corporal Thomas Keegan indicated, "individuals associated with the distribution of drugs often utilize multiple cellular telephones and/or frequently change their telephone numbers in an effort to conceal their criminal activities," and such individuals "often use cellular communications . . . to arrange drug transactions," as well as to "take pictures of their drugs and/or money obtained from the sale of drugs." (Doc. 129, at 9). Therefore, because the contents of Carey's phones

were searched only after police obtained a valid search warrant, Carey's Fourth Amendment rights were not violated in that respect.

Additionally, the court disagrees with Carey that the twenty-five-day delay between the seizure of the phones and the search warrant application was constitutionally unreasonable. It is true that even a permissible warrantless seizure must comply with the Fourth Amendment's reasonableness requirement. The Supreme Court has held that after seizing an item, police must obtain a search warrant within a reasonable time period. *See Segura v. United States*, 468 U.S. 796, 812 (1984) (A seizure which was reasonable at its inception "may become unreasonable as a result of its duration."). In considering whether the delay was reasonable, a court should weigh the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983). States have a stronger interest in seizures made on the basis of probable cause than in those resting solely on reasonable suspicion. *United States v. Burgard*, 675 F.3d 1029, 1033 (7th Cir. 2012). Significantly, there is no bright-line rule for when a seizure becomes unreasonable.

Here, the balance weighs in favor of the government. Police had a strong interest in the seizure since it was based in probable cause, given that the phones fell from Carey's person when he attempting to flee the scene and were found alongside drugs packaged for distribution. Although Carey undoubtedly has some interest in the cell phones, his interest was minimal at best given his immediate arrest and detention at the Lackawanna County Prison, where he is not permitted to use or possess cell phones. Furthermore, it does not appear, and Carey does not argue, that he requested the return of his cell phones at any time until the present motion, over two years after their seizure, which undermines his claim that his Fourth Amendment rights were impacted. *United States v. Stabile*, 633 F.3d 219, 235-36 (3d Cir. 2011) (noting the defendant did not ask for the return of his hard drives until eighteen months after their seizure). Finally, Carey has not alleged or demonstrated that the police were not diligent in pursuing their investigation.

Therefore, in weighing these factors, the court finds that the delay here between the seizure and the application for the search warrant was not so unreasonable as to violate Carey's Fourth Amendment rights. *See Stabile*, 633 F.3d at 235-36 (a three-month delay was not unreasonable under the

circumstances); *United States v. Howe*, 545 Fed.App'x 64, 65-66 (2d.Cir.2013) (holding a thirteen-month delay was not unreasonable due in part to error and not a lack of diligence); *United States v. Vallimont*, 378 Fed.App'x 972, 976 (11th Cir. 2010) (holding a forty-five-day delay was not unreasonable where officers' attention was diverted to other matters); *United States v. Conley*, 342 F.Supp.3d 247, 268-69 (D.Conn.2018) (holding a 66-day delay was not unreasonable).

Accordingly, for all these reasons, the motion to suppress, (Doc. 111), is **DENIED**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 6, 2020**
18-037-03