## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**      :

   **v.**                                      :            **CRIMINAL NO. 3:CR-18-037**

**JESSE CAREY,**                           :                  **(JUDGE MANNION)**

   **Defendant**                          :

### MEMORANDUM

Before the court is the *pro se* motion of defendant Jesse Carey ("Carey") to withdraw his guilty plea, (Doc. 147), as well as a motion to withdraw Document 147, which is his motion to withdraw his guilty plea, (Doc. 164). In light of the wildly inconsistent filings by this defendant and more importantly for the reasons set forth below, the motions will be **DENIED**.

### I.      BACKGROUND

Unfortunately, the unusual and tortured history of this case requires more than usual background material. On February 6, 2018, Carey was indicted on one count of possession with intent to distribute a controlled substance, namely, cocaine. On February 26, 2018, Carey was arraigned and entered a plea of not guilty. That same day, the court appointed Attorney Leo Latella of the Office of the Federal Public Defender to represent Carey. (Doc.

14). On June 8, 2018, Carey, through his attorney, filed an unopposed motion requesting the court order a pre-plea presentence investigation and request for immediate sentencing after disclosure of the presentence report. (Doc. 32). The motion was granted on June 15, 2018. (Doc. 34).

On June 26, 2018, Carey filed a letter to the court stating that, should Attorney Latella miss the deadline to file suppression motions in his case, he wanted to make clear that he "in no way" intended to waive his right to file such motions. (Doc. 35). Carey also requested a copy of the docket sheet, which was mailed to him on June 26, 2018.

On July 5, 2018, Carey filed a letter addressed to Attorney Latella expressing his issues with Attorney Latella's representation. (Doc. 36). Carey also filed a letter addressed to the court, expressing his dissatisfaction with Attorney Latella and stating that he did not wish to plead guilty. (Doc. 37). Attorney Latella then filed a *nunc pro tunc* motion for an extension of time to file pretrial motions. (Doc. 38). Ultimately, on August 27, 2018, Attorney Latella filed a motion to withdraw as counsel due to irreconcilable differences and a breakdown of communications with his client. (Doc. 40). The court, despite being aware of Attorney Latella's stellar reputation as a competent, ethical and diligent defense counsel begrudgingly granted the motion and

appointed another respected defense counsel, CJA Attorney Bernard J. Brown to represent Carey. (Doc. 43; Doc. 44).

The final prepleading report was issued on April 2, 2019, (Doc. 56). However, on May 14, 2019, Carey was charged in a Superseding Indictment with two counts of possession with intent to distribute controlled substances—namely, cocaine and a mixture of heroin and fentanyl in Count 1, and cocaine and heroin in Count 2. (Doc. 61). Carey was arraigned on this Superseding indictment before a magistrate judge on May 17, 2019, and pleaded not guilty to both charges. During that hearing, Carey expressed his desire to proceed *pro se*, and the court advised him that he should file a motion to that effect. (Doc. 67).

On August 13, 2019, Attorney Brown filed a motion to withdraw as counsel due to a dispute with Carey on how to proceed with his case—specifically, Carey's insistence that certain frivolous pretrial motions be filed, neglecting the most material issues. (Doc. 74). On August 19, 2019, Carey filed a letter addressed to the court expressing his dissatisfaction with Attorney Brown and requesting that he be appointed counsel from the Federal Public Defender or, alternatively, be permitted to proceed *pro se*. (Doc. 75). Carey additionally filed a document expressing his dissatisfaction with the

prepleading report and the United States Probation Officer who drafted it. (Doc. 76).

On August 26, 2019, Carey filed a motion requesting that the court grant Attorney Brown's motion to withdraw and appoint alternative counsel. (Doc. 77). The next day, Carey filed a letter addressed to the court, expressing, *inter alia*, his desire to plead guilty, and stating, "Judge I need Leo Latella back." (Doc. 78, at 2). On August 27, 2019, the court held a hearing and, at Carey's emphatic request, agreed to reappoint Attorney Latella to represent him. By order dated August 28, 2019, the court granted Attorney Brown's motion to withdraw. (Doc. 80).

On September 5, 2019, Carey filed a document entitled, "Amendments: 'What I would Like the Court to Do,'" (Doc. 83), which the court struck from the record, noting that all documents and motions were to be filed through counsel, (Doc. 84). On September 20, 2019, the court issued an order stating that the various documents and personal photographs Carey had submitted directly to Chambers would not be docketed but returned to Carey. The order again reminded Carey that, as he was represented by counsel, all documents and motions were to be filed through counsel. (Doc. 85).

On September 27, 2019, Carey, through counsel, filed a motion to suppress physical evidence and statements, (Doc. 86), and a motion to dismiss the indictment, (Doc. 87). Carey then filed a letter addressed to the Clerk of Court referring to a civil suit, *Carey v. Mt. Airy Casino & Resort*, No. 3:19-cv-1351, he was litigating against the Mount Airy Casino and Resort and various law enforcement officers involved in his criminal case. (Doc. 88). The Clerk of Court responded by letter dated October 2, 2019, informing Carey yet again that all documents were to be filed through counsel. (Doc. 89).

Carey then filed three letters addressed to the court, (Doc. 92; Doc. 93; Doc. 94), requesting that he be permitted to proceed *pro se* because he did not "feel comfortable allowing someone else [to] determine [his] fate," (Doc. 92), and because Attorney Latella "will not do what I have asked of him," (Doc. 93, at 3).

On November 1, 2019, the court held another hearing on Carey's motion to proceed *pro se* and, after conducting a full *pro se* representation colloquy, including a strong recommendation from the court that he not proceed in that manner, the court finally granted Carey's request to proceed *pro se.* (Doc. 94; Doc. 96). During the hearing, the court questioned Carey about whether he had any legal education or prior experience representing

himself, whether he understood the maximum possible penalties, fines, and costs if he were to be found guilty, as well as the applicability of the sentencing guidelines, whether he understood that the court could not act as his counsel or provide him legal advice, and whether he understood that the Federal Rules of Evidence and Criminal Procedure would apply at trial and that he would be obligated to abide by them. The court urged Carey not to represent himself but to have Attorney Latella represent him, cautioning him that "a trained lawyer would defend you far better in a Court of Law than you can defend yourself," and expressing the opinion that to proceed *pro se* would be a "huge mistake," in light of his lack of legal training, familiarity with the law, and court proceedings. (Notes of Hearing Testimony (N.T.), Nov. 1, 2019, at 6).

Despite the court's warnings, Carey still chose to represent himself and responded affirmatively when questioned by the court about whether he understood the rights he was giving up and whether his decision was voluntary. Given the court's reservations about Carey's choice, however, the court appointed Attorney Latella as standby counsel in the event Carey desired his services. Finally, the court addressed the pending motions

previously filed by Attorney Latella, (Doc. 86; Doc. 87), stating that Carey was entitled to withdraw them, or to supplement them as he saw fit.

On November 12, 2019, Carey filed another letter addressed to the court, stating, "I do not want Leo Latella to be stand by [sic] counsel I don['t want him to have anything to do with my case. Meaning even stand by [sic] counsel." (Doc. 98, at 1). Carey additionally requested that the court "reverse my pre-plea presentence report, and set a date for plea and sentence," stating, "I want to plead guilty." (Doc. 98, at 1). By order dated November 13, 2019, the court denied the request to remove Attorney Latella as stand-by counsel, explaining,

> Mr. Carey is his own lawyer. Mr. Latella does not represent Mr. Carey and Mr. Carey has no obligation to speak to Mr. Latella if he chooses not to. . . He will be available *if* Mr. Carey wishes to consult with him. Further, the court will not appoint other stand-by counsel. The court has previously appointed Mr. Carey counsel, even his requested counsel, but none have satisfied him so he has knowingly, intelligently and voluntarily waived his right to counsel, against the court's advice.

(Doc. 99, at 1-2). Further, the court denied Carey's request to "reverse my pre-plea presentence report," but noted that, in light of this request, it was unclear whether his prior request for a plea and sentence date remained in effect. Nevertheless, the court observed, "If the defendant wishes to enter a

plea of guilty he may, of course, preserve whatever objections he has to the pre-sentence report, the court's sentence and its ruling for appellate review . . . ." (Doc. 99, at 2). In the meantime, however, the court held that the previous case management schedule remained in effect. Finally, the court granted Carey's request to withdraw the two motions filed by Attorney Latella.

On November 15, 2019, Carey filed motions to set aside default judgment, (Doc. 100), for return of property, (Doc. 101), and for an extension of time to file pre-trial motions, (Doc. 102). By order dated November 20, 2019, the court allowed Carey additional time to file pretrial documents, setting November 29, 2019, as the final day for him to submit any additional pretrial motions. (Doc. 105).

On November 25, 2019, Carey filed a letter requesting "somebody [to] schedule me a change of plea hearing and can you do it quick cause I wanna hurry up and take this 151 months cause I'm a career offender right so I can appeal it please hurry." (Doc. 107). Paradoxically, the following day, Carey seemingly indicated his intent to go to trial by filing a motion to suppress evidence, (Doc. 108), briefs in support, (Doc. 109; Doc. 109-1, at 1), and a supplemental brief in support of his motion for return of property, (Doc. 109-1, at 2-6). Carey then proceeded to file nine additional documents related to

his previously-filed motions, as well as a motion for a renewed detention hearing.[1] (Doc. 110; Doc. 111; Doc. 112; Doc. 113; Doc. 114; Doc. 115; Doc. 118; Doc. 119; Doc. 122; Doc. 123).

On December 13, 2019, Carey changed course yet again and filed a "motion to withdraw all pretrial motions and schedule [a] change of plea hearing as well as [an] extension to file pre-trial motions." (Doc. 125). In light of the upcoming final pretrial conference scheduled for the following week, the court denied the motion. (Doc. 128).

In a twenty-six-page memorandum and order, the court addressed each of Carey's eight pretrial motions,[2] giving careful consideration to each of his eleven briefs and reply briefs in support. (Doc. 126; Doc. 127). The court denied each of the motions but reserved ruling Carey's motion to suppress related to cell phone evidence as the government fail ed to address Carey's argument. On December 16, 2019, the government filed a supplemental brief,

---

[1] The court denied the request for a detention hearing on December 5, 2019. (Doc. 120).

[2] This included the two motions drafted by Attorney Latella that Carey specifically sought to have withdrawn. (Doc. 86; Doc. 87). The court elected to address them in light of Carey's *pro se* status, as well as the fact that Carey made various arguments in support of those motions in his filings.

(Doc. 129). Carey did also on December 30, 2019, (Doc. 141). The court ultimately denied the motion to suppress in full by memorandum and order dated January 6, 2020. (Doc. 142; Doc. 143).

On December 17, 2019, Carey filed a motion for a change of plea hearing, asking the court to "disregard the motions that were filed [o]n my behalf and allow the defendant to enter a plea of guilty." (Doc. 130, at 1). The following day, Carey filed another motion to dismiss the indictment. (Doc. 172).

On December 19, 2019, the court held the final pretrial conference. After the court explained the trial procedure and addressed Carey's various concerns, counsel for the government, Attorney Robert O'Hara, moved to withdraw any reference to fentanyl in Count 1 of the Superseding Indictment.[3] Carey immediately responded, "All right. Let's go. I want to plead guilty right now. Put that motion in right now. Withdraw the fentanyl. I plead guilty right now because there was no fentanyl. . . . Judge, I want to plead guilty to [C]ount [O]ne." (Doc. 149, at 19-20). Carey specifically indicated his

---

[3] Although the court orally granted the government's motion, that same day, the government also filed a formal motion to amend/correct the superseding indictment, (Doc. 133), which the court granted, (Doc. 134).

- 10 -

understanding that there were two Counts to the Superseding Indictment, but

stated that he only wished to plead guilty to Count 1:

> I want to plead guilty to [C]ount [O]ne of the
> [S]uperseding [I]ndictment. He's telling me to plead to
> [C]ount [T]wo. That's not something that I want to do.
> So what I am willing to do is plead to [C]ount [O]ne for
> the – for the stuff in Plymouth, right, and go to trial on
> [C]ount [T]wo and get rid both of them, and whatever
> happens, happens. That's what I want to do. I will
> plead guilty to one and go to trial on the other.

(Doc. 149, at 23).

The court, however, expressed caution, noting, "I have read [i]n a

number of your letters you indicate you wish to plead guilty, and then you go

on to explain how you're not guilty. And they are inconsistent. I cannot as a

matter of law – I can't take a guilty plea from someone who is not guilty." (Doc.

149, at 24). Carey responded, "It's two different cases. . . . One of them I am

not guilty on. The other one I am." (Doc. 149, at 24).

The court then warned Carey that it would not accept his guilty plea if

he was doing it solely in the hopes of lessening his sentence, given that a

guilty plea to Count 1 was unlikely to have any effect on his overall sentence.

Carey responded, "I don't care about the guidelines. What I care about is

getting this over with. I'm not going into 2020 with this over my head. I want

to get it done over with, plead guilty. Done. Forget the guidelines." (Doc.149, at 28).[4]

The court then placed Carey under oath and conducted a full guilty plea colloquy on Count 1. During the colloquy, Carey acknowledged the trial rights that he was waiving by his guilty plea, the nature of the charge to which he was pleading guilty, and the possible maximum sentence, fines, and costs that could be imposed for the charge. Carey additionally testified that no promises, threats, or inducements had been made to him regarding his plea, that he was entering the plea voluntarily, that he was admitting the conduct alleged in Count 1 of the Superseding Indictment was true, and that he had committed that offense. Carey then signed a motion to withdraw his prior plea of not guilty and to enter his plea of guilty to Count 1. (Doc. 131).

On the morning that the jury trial on Count 2 was to begin, January 6, 2019, the parties informed the court that Carey, after having discussed the

---

[4] When Attorney O'Hara indicated that Carey's choice to plead guilty to Count 1 may lead to Fed.R.Evid. 404(b) issues, Attorney Latella, with Carey's permission, expressed his opinion that it would be advisable for Carey to file a motion *in limine* with respect to Count 1 as it related to the trial for Count 2. The court indicated that it would be inclined to grant such a motion given that the charges arose from entirely separate incidents, on separate dates, and with separate original charging authorities. (Doc. 149, at 31-32, 52).

matter with Attorney Latella and Attorney O'Hara, now wished to enter a conditional guilty plea to Count 2 of the Superseding Indictment, reserving the right to appeal the court's rulings on his suppression motions. Once again, the court placed Carey under oath and conducted a full guilty plea colloquy as to Count 2, during which Carey made all of the same acknowledgements and admission as with Count 1. The court additionally read and explained Federal Rule of Criminal Procedure 11(a)(2), relating to conditional plea agreements, and confirmed that Carey sought to plead guilty to Count 2 of the Superseding Indictment while reserving the right to appeal the court's two rulings, (Doc. 127; Doc. 143), on his suppression motions. Counsel for the government consented and, pursuant to Rule 11(a)(2), which requires such pleas to be in writing, Carey, as well as Attorney Latella and Attorney O'Hara, signed the following conditional plea agreement: "I, Jesse Carey, under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, am entering into a conditional plea agreement, reserving my right to appeal the denial of my suppression motion (Doc. 111) and the related orders (Doc. 127; Doc. 143)." (Doc. 144).

On January 17, 2020, Carey filed the instant motion to withdraw his plea, (Doc. 147), as well as a brief in support, (Doc. 148). In them, Carey

makes various inconsistent requests and statements, including that he desired to "change the conditional plea to pre-serve [sic] only Count 1 Superseding Indictment motions not Count 2," (Doc. 147, at 1), that he "was confused because he specifically requested a bench trial not a jury trial," and that he wanted "the court [to] withdraw the plea to Count 2 of the Superseding Indictment and allow the defendant to enter into a written plea agreement which was offered literally seconds before defendant[']s involuntary plea of guilty." (Doc. 148, at 1). The government filed a brief in opposition on February 6, 2020. (Doc. 156).[5]

On February 20, 2020, Carey then filed a document requesting "that the court void [D]ocument 147 [Carey's motion to withdraw his plea] and allows [sic] the defendant to plead to Count 2 of the Superseding Indictment." (Doc. 161).[6] The next day, Carey followed up with a "motion to withdraw document 147 [and] motion to dismiss pursuant to 8(c) Federal Rules of Criminal Procedure Count 2 of Superseding Indictment." (Doc. 164). In it, Carey stated

---

[5] Carey also filed a motion for acquittal, (Doc. 152), and two motions to dismiss the indictment, (Doc. 160; Doc. 163), which the court denied by order dated March 17, 2020, (Doc. 174).

[6] Carey also apologized to the court for "filing those extra motions" and asked the court to disregard them, explaining that he had received some upsetting family news regarding his child's mother. (Doc. 161, at 2).

that he "was concerned because Probation told the defendant there would be 2 convictions," that "the court told the defendant they would merge so why would it be 2 convictions," and that Carey wanted to be sentenced to Count 2 "as soon as possible." (Doc. 164, at 1).

Carey filed another document on February 25, 2020, stating that "[i]t is the position of the defendant Carey that once the district court accepted his plea the first time, Carey was placed in jeopardy . . . jeopardy attaches with acceptance of a guilty plea." (Doc. 165, at 1).

Throughout these filings, Carey focuses much of his argument on his disdain for Attorney Latella, making numerous incendiary accusations, including that Attorney Latella intentionally "sabotaged" Carey's case. (Doc. 148). As a result, Attorney Latella filed a motion to withdraw even as standby counsel, (Doc. 157), which the court granted on February 13, 2020, (Doc. 162). Out of an abundance of caution, however, the court *sua sponte* convened a presentence hearing on March 6, 2020, to discuss what the court anticipated would be a sentencing issue with respect to Carey's career offender status. (Doc. 168). Given the complicated nature of the issue, the court asked Carey if he would accept representation by CJA Attorney Carl Poveromo for the purposes of briefing the issue. Carey declined the court's

invitation, explaining that, in his estimation, he was confident that he had found applicable case law definitively holding that he was not a career offender. Nevertheless, for purposes of aiding the court in analyzing the issue, the court appointed Attorney Poveromo as standby counsel and asked that he prepare a defense brief on the issue. (Doc. 173). Once again, the court made clear that Carey could confer, or not confer, with Attorney Poveromo as he saw fit.

A revised draft presentence report was issued to the parties on February 25, 2020, and a final presentence report was filed on April 1, 2020, (Doc. 176). No sentencing date has yet been set by the court due to the pending motions.

## II.    STANDARD

"Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). "Federal Rule of Criminal Procedure 11 provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." *United States v. Johnson*, 491 Fed.App'x 326, 329 (3d Cir. 2012) (citing Fed.R.Crim.P. 11(d)(2)(B)). "The

burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." *Jones*, 336 F.3d at 252. "In determining whether a defendant has satisfied his burden, a district court must consider three factors: '(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.'" *Johnson*, 491 Fed.App'x at 329 (citing *Jones*, 336 F.3d at 252). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Johnson*, 491 Fed.App'x at 329 (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)). If a defendant fails to meet his burden regarding the first two factors, the government does not need to show prejudice. *United States v. Shumaker*, 475 Fed.App'x 817, 821 (3d Cir. 2012) (citing *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986)).

## III.    DISCUSSION

The first two factors are the defendant's assertion of his innocence and strength of his reasons for withdrawing his plea. Here, as the government observes, nowhere in Carey's numerous filings since the entry of his guilty

pleas has he asserted his innocence on either Count and, therefore, he has not met his burden of establishing the first factor.

With regard to his reasons for withdrawing his plea, Carey vaguely indicates that he was confused because he "specifically requested a bench trial," (Doc. 147, at 1), and because he thought the two convictions "would merge," (Doc. 164, at 1). It is the government's position that Carey, in stating that he wants to "withdraw plea [and]/or enter into [a] written agreement with [the] government," may be referencing a plea offer that the government offered to Carey (and which he rejected) on Count 2, prior to commencing trial preparation. (Doc. 147, at 1). Regardless of whether Carey is referencing his desire to accept a prior plea offer from the government or whether he is arguing that he was "confused," he has failed to "either make a showing of factual innocence or establish a sufficiently strong reason for withdrawing his guilty plea." *United States v. Done*, 589 Fed.App'x 49, 50 (3d Cir. 2015).

Carey's claim of confusion regarding the merging of the Counts is dubious given that, upon review of the transcripts and filings, there was no mention of "merging" whatsoever by any party, including the court. Moreover, any alleged confusion by Carey over the fact that the two Counts of the Superseding Indictment represented separate charges is implausible in light

of Carey's own statement on the record during his first colloquy that "[i]t's two

different cases. . . . One of them I am not guilty on. The other one I am," (Doc.

149, at 24), as well as his affirmative response when asked the following by

the court during the second colloquy:

> [P]reviously you entered a plea of guilty to Count 1 of
> the [S]uperseding [I]ndictment, but had requested to
> go to trial on Count 2. Today is the day set for that
> trial, and there is a jury downstairs waiting to be
> selected for your trial. Do you understand that?

(Doc. 155, at 4-5). Given that Carey has never previously referred to

"merging" of the Counts, the court agrees with the government that Carey's

argument is nothing more than change of heart or a shift in defense tactics

and, therefore, an insufficient reason to withdraw his plea. *See Johnson*, 491

Fed.App'x at 329.

Carey's other claim regarding his confusion about his pleas, due to his

now alleged belief that he would receive a bench trial, similarly fails in light of

the fact that, upon careful review of the transcripts and filings, Carey never

requested or mentioned a bench trial. Indeed, as noted above, the court

specifically asked Carey whether he understood that potential jurors were

downstairs ready to be selected for trial on the morning he pleaded guilty to

Count 2 of the Superseding Indictment. Accordingly, as with his "merging" argument, Carey has failed to proffer a sufficient reason to withdraw his plea.

Finally, any alleged confusion by Carey with regard to the nature of his guilty pleas is unconvincing in light of the thoroughness of the plea colloquies. Given the number of times Carey vacillated between pleading guilty and proceeding to trial, the court was especially careful to ensure that Carey was intelligently, knowingly, and voluntarily entering the pleas. Without hesitation, Carey acknowledged that, in both instances, he did. Carey calmly and coherently acknowledged the rights he was giving up, the applicability of the guidelines, as well as the possible maximum sentence, fines, and costs, and stated that no threats or promises had been made to him relating to his pleas. During both colloquies, Carey asked questions when he felt it was necessary and, based upon his responses, appearance, and demeanor, the court confidently found that Carey was competent to enter his guilty pleas.

Additionally, although Carey was proceeding *pro se*, Carey had the benefit of consulting with his standby counsel Attorney Latella during both colloquies. Attorney Latella likewise expressed his opinion that Carey was competent to enter a guilty plea, stating "I don't have any doubt that he

understands, and he understands the . . . procedure, and I think he's able to make the decisions in his best interest." (Doc. 155, at 3).

Although Carey makes various inflammatory and unfounded claims about Attorney Latella, the court expressly finds them not credible. Attorney Latella is an excellent and exceptionally knowledgeable, competent, and ethical attorney who has diligently represented his clients before this court for many years. As the court has previously expressed to Carey, it flatly rejects his arguments about Attorney Latella to the contrary as entirely not credible. Thus, to the extent that Carey seeks to withdraw his plea due to Attorney Latella's representation of him as standby counsel, he has not proffered a sufficient reason to withdraw his plea.

Having concluded that Carey has failed to make a showing of factual innocence or establish a sufficiently strong reason for withdrawing his guilty plea, it is unnecessary for the court to address whether the government would suffer prejudice. *See Done*, 589 Fed.App'x at 50.

## IV.    CONCLUSION

For the reasons set forth above, Carey's motion to withdraw his guilty plea, (Doc. 147), and his motion to withdraw his motion to withdraw his guilty plea, (Doc. 164), are **DENIED**. An appropriate order will issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 27, 2020**
18-037-04