UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL NO. 3:18-CR-37 |
| v. | : (JUDGE MANNION) |
| JESSIE CAREY, | : |
| Defendant | : |

## MEMORANDUM

Defendant Jessie Carey previously plead guilty to two counts of possession with intent to distribute controlled substances. (Doc. 139; Doc. 145). He was sentenced to terms of imprisonment of 144 months on each count, to run concurrently. (Doc. 210). He appealed his sentence, (Doc. 212), arguing that he did not qualify as a career offender under the United States Sentencing Guidelines, and the Court of Appeals for the Third Circuit affirmed. *United States v. Carey*, 2021 WL 2936741 (3d Cir. 2021).

Defendant then moved under 28 U.S.C. §2255 to vacate his sentence. (Docs. 220, 224, 227, 228, 230, 230-2). The court denied Defendant's motion except with respect to Ground Two, (Doc. 257), in which ground Defendant argued that he was deprived of effective assistance of counsel because his appellate counsel failed to file a notice of appeal from the denial of his motion to suppress. (Doc. 220 at 5). A hearing on this ground was held on April 8,

2024, (Doc. 268), and the parties thereafter submitted supplemental briefing. (Doc. 277; Doc. 283).

Defendant previously filed three motions to suppress evidence, (Doc. 86; Doc. 108; Doc. 111), all of which the court denied. (Doc. 127; Doc. 143). He later plead guilty to both counts of the Superseding Indictment filed against him. (Doc. 139; Doc. 145). With respect to his plea of guilty to Count 2, he reserved the right to appeal his third suppression motion. (Doc. 145). Defendant was sentenced on August 12, 2020. (Doc. 210).

In his §2255 motion, Defendant averred that he asked his appellate counsel, Carl Poveromo, to file a notice of appeal from the denial of his motion to suppress, but that Attorney Poveromo did not do so. (Doc. 220 at 5). Likewise, at the April 8th hearing, Defendant testified that after he was sentenced he communicated to Mr. Poveromo that he wanted to appeal the denial of his motion to suppress. (Doc. 269 at 3–4). According to Defendant, he discussed the appeal with Mr. Poveromo the day he was sentenced and "a little bit" prior to that. (Id. at 4).

Attorney Poveromo testified that when he was appointed to represent Defendant, he was aware that Defendant had reserved the right to appeal his motion to suppress. (Doc. 269 at 24). According to Mr. Poveromo, he had a "brief discussion" with Defendant in court about filing an appeal. (Id. at 26–

27). He testified that his practice "usually" was "to discuss appellate rights with the client before sentencing takes place and then follow up with a letter." (Id.). Mr. Poveromo recalled that Defendant asked him to file an appeal, he told Defendant that he would file an appeal on the Career Offender issue, and Defendant said "Okay." (Id.). And he wrote to Defendant after sentencing to confirm that plan. (Id.). Attorney Poveromo testified that at no time prior to his filing the appeal to the Third Circuit did Defendant ask him to appeal the suppression motion. (Id.).

Mr. Poveromo testified about, and the government supplied as an exhibit at the hearing, the August 19, 2020 letter he wrote to Defendant. In that letter, Mr. Poveromo summarized the judgment of sentence that had been imposed a week earlier, advised Defendant of his right to appeal, and wrote the following:

> Previously, you advised me to appeal your sentence on the grounds the District Court erred in sustaining the objection to the presentence investigation report and in classifying you as a career offender, under U.S.S.G. 4B1.1 of the Guidelines, because your prior conviction of third-degree robbery does not qualify as a crime of violence under U.S.S.G. §4B1.2(a). Therefore, I will file a notice of appeal in your behalf; however, I cannot predict the outcome of an appeal or guarantee any particular result.
> If you have changed your mind and do not want me to file a notice of appeal in your behalf, please notify me in writing immediately. Otherwise, I will assume that you still want me to file a notice of appeal in your behalf, and I will file the enclosed notice of appeal by August 26, 2020.

(Doc. 269 at 28).

Mr. Poveromo testified that the above-quoted paragraphs were consistent with his discussions with Defendant. (Id.). He further testified that having reviewed Defendant's suppression motion, he believed it was "totally devoid of merit," and that he wanted the Third Circuit to "focus on the best issue we have, which is whether or not [Defendant] is a Career Offender." (Id.).

Mr. Poveromo additionally noted that "even if, through the grace of God," an appeal from the denial of Defendant's suppression motion were successful, "it wouldn't really matter"—because he was sentenced to terms of imprisonment of 144 months on each count of the Indictment, which terms were *to run concurrently.* (Id.; see also Doc. 210). So even if the judgment on Count 2 (the Count to which Defendant's suppression motion related) were vacated, Defendant would still face a term of imprisonment of 144 months. (Id. at 30).

The Sixth Amendment to the United States Constitution guarantees the accused in all criminal prosecutions "the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to the assistance of counsel is "the right to the effective assistance of counsel." *Strickland v. Washington*,

466 U.S. 668, 686 (1984). A defendant may be deprived of this right where his counsel fails "to render adequate legal assistance." *Id.*

An ineffective assistance of counsel claim requires that a defendant show (1) "that his counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Williams v. Taylor*, 529 U.S. 362, 390 (2000) (quoting *Strickland*, 466 U.S. at 687). "To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 390–91. "To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 391. This standard applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). In the appellate context, prejudice is assumed where "counsel's constitutionally deficient performance deprives a defendant of an appeal he otherwise would have taken." *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

The court first addresses the factual question which prompted the April 8th hearing. As discussed above, Defendant testified that, on the day he was sentenced, he told Attorney Poveromo that he wanted to appeal the denial of his motion to suppress. (Doc. 269 at 3–4). Attorney Poveromo testified that Defendant did not do so. (Doc. 269 at 24).

The court credits Attorney Poveromo's version. While Defendant averred generally that he "absolutely" communicated his desire to appeal the day of sentencing and prior to that, (id. at 3–4), Mr. Poveromo's account of their communication was more detailed and substantiated.

Mr. Poveromo testified that he had reviewed the motion to suppress and memorandum denying it before sentencing, and was aware of Defendant's conditional plea. (Id. at 26, 30). Mr. Poveromo further recalled that, in keeping with his usual practice, he spoke with Defendant about appellate rights before sentencing and followed up with a letter. (Id. at 26–27). During their brief conversation in court, Mr. Poveromo testified, Defendant asked him to file an appeal, he told Defendant that he would appeal the career offender issue, and Defendant said "Okay." (Id. at 27). And following sentencing, he wrote a letter to confirm that conversation. (Id. at 27). That letter was produced at the hearing and read into the record. (Id. at 27–28).

In addition to being more detailed and corroborated by his letter, Mr. Poveromo's version of events is more plausible. Success on the career offender argument would have lowered Defendant's Guideline range "dramatically,"—from a range of 168 to 210 months to a range of 30 to 37 months. 2021 WL 2936741, at *1. Petitioner's conditional guilty plea, on the

other hand, which reserved the right to appeal the denial of his suppression motion, pertained to Count 2. (Doc. 145). At best, success on that ground could have vacated Count 2. But, as Petitioner's sentence was 144 months on each count to run concurrently, (Doc. 210), such a victory would have been hollow, for he would still have faced the same 144 months. So appealing the career offender issue and not the suppression issue was plainly the more practical course.

Mr. Poveromo is also an experienced criminal defense lawyer, who has proven himself a dedicated and conscientious advocate over the course of his appearances in this court. This history lends further credence to his testimony.

These considerations lead the court to conclude that Defendant did not indicate to Attorney Poveromo that he wished to appeal the denial of his suppression motion before the time such appeal was due.

The court further concludes that Defendant has not established ineffective assistance of counsel.

This is not an instance where counsel filed no appeal whatsoever despite his client's desire to appeal. Attorney Poveromo did file an appeal. And appellate counsel "need not, and should not, raise every non-frivolous claim but rather may select among them in order to maximize the likelihood

of success on appeal." *Showers v. Beard*, 635 F.3d 625, 634 (3d Cir. 2011) (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Because the career offender issue could have substantially reduced Petitioner's sentence, Attorney Poveromo reasonably opted to focus the Third Circuit's attention on that issue. Plus, his decision not to raise the suppression issue did not prejudice Defendant, for succeeding on that ground would not have lowered his ultimate term of imprisonment.

The court addresses two additional filings made by Defendant.

First, Defendant filed a letter requesting that Leo Latella file his brief instead of David Cherundolo. (Doc. 279). Defendant's request will be denied; he is not entitled to counsel of his choice.

Second, Defendant has moved for the recusal of this court under 28 U.S.C. §455. (Doc. 282). Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §455(a)–(b)(1). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Defendant here raises two rulings as (presumably) demonstrating bias. He further asserts that:

> The district court is nothing more than a rubber stamp ... and also conspired with multiple defense attorneys to protect the record in this case because [Defendant] is an indigent black man.

(Doc. 282 at 2).

Defendant's legal contentions are not meritorious, much less indicative of bias. He claims that the court lacked jurisdiction over Count 2 because it "was removed from State Court 6 months after arraignment in Monroe County Court." (Id. at 1; Doc. 284). This court had jurisdiction over the Superseding Indictment because it charged Defendant with violating federal criminal law. 18 U.S.C. §3231. (Doc. 61). The statute Defendant offers here, 28 U.S.C. §1455, provides for the removal of a criminal prosecution *by a defendant*. Defendant also challenges his arrest at Mt. Airy casino as unconstitutional. (Doc. 282 at 2). The court has previously rejected this claim. (Doc. 127; Doc. 256 at 22–24).

Defendant has not raised circumstances suggesting partiality, bias, or prejudice on the part of this court. His bald allegation of conspiracy is insufficient. *See United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989). So his recusal motion will be denied.

For the foregoing reasons, Ground Two of Defendant's motion to vacate will be denied. Because that is the only remaining ground, (see Doc.

- 9 -

257), Defendant's motion is thereby denied in its entirety. Defendant's request for substitute counsel and motion for recusal will also be denied.

Finally, an appeal from a final order in a proceeding under 28 U.S.C. §2255 may not be taken unless a certificate of appealability has been issued. 28 U.S.C. §2253(c)(1)(B). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." §2253(c)(3). This showing requires that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 332, 327 (2003).

The court concludes that jurists of reason could not disagree with its resolution of Defendant's constitutional claims. It further concludes that the issues presented by Defendant's motion are not adequate to deserve encouragement to proceed further. Therefore, no certificate of appealability will issue.

An appropriate order follows.

MALACHY E. MANNION
United States District Judge

DATE: July 1, 2024
18-37-07